Penelope Mathews, during her last sickness, duly made her will without writing, and called upon a competent number of persons to bear witness thereto; it was reduced to writing in proper time, and all other ceremonies which the law requires were duly complied with. The only question presented to the court was whether the witnesses were competent.
One witness was admitted to be competent, but the other witness was a legatee in the nuncupative will, but duly executed and offered a release to the distributees, which they refused to accept, whereupon he delivered the same to the clerk of the court, absolutely for their benefit. It was admitted by the parties that if the legatee could in any way render himself a competent witness by any release that could be executed by him, without the assent of the distributees, that such release should be taken as executed.
Upon these facts his Honor was of opinion "that although in a will of real estate the competency of the witness is referable to the time of execution, and that policy would seem to require the same qualification in the witness to a nuncupative will, yet it is competent in the Legislature to prescribe different qualifications, and that in the proof of a nuncupative will the statute uses no language that does not apply to a witness competent at common law." His Honor, therefore, held that the will was well proved, and the defendants appealed. *Page 28 
The case was submitted without argument by
The 11th section of the act of 1784 (see 1 Rev. Stat., ch. 122, sec. 1) requires a will of lands to be subscribed by two witnesses in the presence of the testator, no one of which shall be interested in the devise of the said lands. This Court determined in the case of Allison v.Allison, 4 Hawks, 141, that a witness to such a will, who was interested at the time of attestation, was incompetent to prove the will; and (35) that no subsequent release would render him competent. This decision arose upon the peculiar phraseology of the 11th section. The 15th section of the same act (1 Rev. Stat., ch. 122, sec. 2) is couched in different terms; it declares that no nuncupative will in any wise shall be good where the estate exceeds two hundred dollars, unless proved by twocredible witnesses, present at the making thereof. The section in our act is mainly taken from the 19th section of the English statute of frauds. That section in the statute of frauds declares "that no nuncupative will shall be good, when the estate thereby bequeathed shall exceed thirty pounds, that is not proved by the oaths of three witnesses." This statute having said nothing as to the qualifications of these witnesses, it was afterwards thought proper to declare (Stat. 4 Anne, ch. 16, sec. 14), "that all such witnesses as are and ought to be allowed to be good witnesses upon trials at law, by the laws and customs of this realm, shall be deemed good witnesses to prove any nuncupative will, or anything relating thereto." This legislative interpretation is, we think, just such a one as a court of common law necessarily must have put upon the section, had the explaining statute never been passed. Witnesses, disinterested at the time they are called on to prove the nuncupative will, must be considered to be"credible," within the meaning of the 15th section of the act of 1784, or in other words competent according to the course of the common law. We see nothing in the wording of this section (it being confined to wills of personal property) to induce us to believe that the Legislature intended to interfere with the rules of proof established at common law. The objection to competency on the ground of interest is removed by an extinguishment of that interest, by means of a release. And a party cannot, by refusing his assent to a release or surrender, tendered by a witness on the other side, exclude his testimony. 1 Stark. on Ev., 125, 126; 3 Term Rep., 27. The depositing the release in the clerk's office was sufficient to enable the witness to testify. Perry v. Fleming, 2 Car. Law Repos., 458. We think, after the release given, the witness was competent to prove the nuncupative will mentioned, and the opinion of the court was correct.
PER CURIAM. Judgment affirmed. *Page 29 
(36)